UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| MINDBASEHQ LLC, <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-24742-BB |

### GOOGLE LLC'S MOTION TO STAY PENDING RESOLUTION OF MOTION TO DISMISS AND MOTION TO TRANSFER

Defendant Google LLC ("Google") moves to stay discovery and all case deadlines pending the Court's resolution of Google's Motion to Transfer to the Northern District of California (ECF No 25) and its Motion to Dismiss (ECF No 27). If this Court grants the Motion to Transfer, this case will not proceed in this Court. A new schedule will be required and new local rules will govern any further proceedings. If the Court grants Google's Motion to Dismiss, the case may be over. Indeed, if the Court determines the patents are invalid, amendment would likely be futile. Accordingly, Google requests that the Court grant this stay request so as to avoid the burden and expense of potentially unnecessary discovery and other proceedings.

### MEMORANDUM OF LAW

### BACKGROUND

Plaintiff MindbaseHQ LLC ("Mindbase") filed this patent infringement action against Alphabet, Inc. on November 17, 2020. (ECF No. 1.) On January 11, Mindbase filed its First Amended Complaint, substituting Google as the defendant and withdrawing its request for

injunctive relief. (ECF No. 22.) Mindbase alleges that Google infringes U.S. Patent Nos. 6,510,433 (the "'433 Patent") and 6,665,680 (the "'680 Patent") (together, the "patents-in-suit"). Mindbase alleges that "Google internet search and Google Ads" infringe claim 13 of each of the patents-in-suit. *Id.* ¶¶ 19, 23, 35.

On January 25, Google moved to transfer this action to the Northern District of California. (ECF No. 25) Google did so on the basis that the majority of the research, design, development, and testing activities related to Google's search and ads services (the "Accused Services") take place in the Northern District of California. (*Id.* at 2.) Further, the majority of the Google managers and team leads involved in the most significant design and engineering decisions related to the Accused Services work in the Northern District of California, as do the majority of the marketing, finance, and sales teams responsible for the Accused Services. (*Id.* at 2.) In contrast to the tens of thousands of Google employees based in the Northern District of California, fewer than 60 Google employees are based in the Miami Google office identified in the Amended Complaint, and none has knowledge relevant to the allegations. Further, for its part, Mindbase appears to employ at most two individuals who may have knowledge relevant to this case. (*Id.* at 9.)

Also on January 25, Google moved to dismiss this action for failure to state a claim pursuant to Rule 12(b)(6). (ECF No. 27) Google's motion raises two arguments. First, the asserted claims of the patents-in-suit are invalid because they claim patent-ineligible subject matter, specifically, the abstract idea of structuring data in the same manner as the human mind, and fail to recite anything that renders the claims significantly more than the abstract idea itself. Second, and alternatively, the Amended Complaint pleads no facts explaining how the Accused Services allegedly meet the limitations of the asserted claims of the patents-in-

suit. Instead, Mindbase alleges only in a conclusory fashion that the Accused Services meet each limitation of those claims by repeating, word-for-word, the language of those claims. (*Id.* at 2, 15.) If the Court agrees with Google on either argument, dismissal will follow. Moreover, if the Court finds the asserted claims invalid, amendment would likely be futile because Google cannot infringe an invalid patent.

## **LEGAL STANDARD**

Courts "have broad discretion to stay proceedings as part of their inherent authority to control their docket." *Pierce v. State Farm Mut. Auto. Ins. Co.*, Case No. 14-22691-CIV-WILLIAMS, 2014 WL 12528362, *1 (S.D. Fla. Dec. 10, 2014) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). The Eleventh Circuit repeatedly has confirmed that a court acts within its discretion when it stays discovery and other proceedings pending resolution of a motion to dismiss. *See, e.g., Moore v. Potter*, 141 Fed. App'x 803, 808 (11th Cir. 2005) (affirming district court's "stay on discovery and all other proceedings" pending resolution of motions to dismiss); *Redford v. Gwinnett Cnty. Jud. Cir.*, 350 Fed. App'x 341, 346 (11th Cir. 2009) (court acted within its discretion in staying discovery pending decision on motion to dismiss); *Lopez v. United States*, 656 F. App'x 957, 963 (11th Cir. 2016) ("discovery is not necessary where, as here, the court must resolve a facial challenge to the legal sufficiency of a claim, such as a motion to dismiss under Rule 12(b)(6).").[1]

---

[1] In reviewing an order on a motion to stay, the Federal Circuit applies the law of the regional circuit. *See, e.g., Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, 754 F. App'x 955, 960 (Fed. Cir. 2018) (applying 11th Circuit law on the question of whether discovery should have been stayed pending a motion to dismiss).

In *Chudasama*, 123 F.3d 1353, the Eleventh Circuit endorsed the granting of stays of discovery pending the outcome of a potentially dispositive motion to dismiss. Although no rule requires such a stay, the Eleventh Circuit explained that to avoid the needless expense and burden of proceeding with discovery on unmeritorious claims, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Id.* at 1367.

Courts in this District have explained that a "'stay of discovery is appropriate where the movant shows good cause and reasonableness.'" *Taylor v. Serv. Corp.*, No. 20-CIV-60709-RAR, 2020 WL 6118779, at *1 (S.D. Fla. Oct. 16, 2020) (quoting *Varga v. Palm Beach Cap. Mgmt., LLC*, No. 09-82398-CIV, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010)). "[G]ood cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." *Varga*, 2010 WL 8510622, at *1. The analysis "entails taking a 'preliminary peek at the merits of the dispositive motion to see if it appears to be clearly meritorious and truly case dispositive.'" *Taylor*, 2020 WL 6118779, at *1.

In addition to staying proceedings in light of a motion to dismiss, courts have also found good cause for a stay pending resolution of a motion to transfer. *See, e.g., Fondo De Proteccion Soc. De Los Depositos Bancarios v. Diaz Reus & Targ, LLP*, No. 16-21266-CIV-TORRES, 2016 WL 10952495, at *2 (S.D. Fla. Dec. 29, 2016) (granting motion to stay pending resolution of motion to dismiss and motion to transfer venue); *Rando v. Gov't Emps. Ins. Co.*, No. 5:06-cv-336-Oc-10GRJ, 2006 WL 8439443, at *2 (M.D. Fla. Dec. 4, 2006) (same).

## **ARGUMENT**

Good cause and reasonableness support the requested stay. First, a "preliminary peek" at Google's Motion to Transfer and Motion to Dismiss reveals that both are "clearly meritorious"

and could dispose of all proceedings, at least in this Court. *Taylor,* 2020 WL 6118779, at *1; s*ee also* ECF Nos. 25, 27. This Court's granting of Google's motion to transfer, which is based on the simple fact that nearly all evidence relevant to the alleged infringement lies outside this District, would terminate the case in this Court. Similarly, even if the case were to remain in this Court, Google's arguments in its Motion to Dismiss that the patents-in-suit are invalid and that the infringement allegations are inadequately pleaded are well-supported and reach both of Mindbase's infringement causes of action.

Second, Mindbase cannot show any prejudice from a brief stay. Because the patents-in-suit have expired, Mindbase is not seeking injunctive relief, but rather only past damages. (ECF No. 22 at 11.) Moreover, Plaintiff does not claim to offer any products or services that are covered by the patents-in-suit, and does not purport to be a competitor of Google. (*See id.*) Thus a brief stay will not be prejudicial. *See, e.g.,* R*oblor Mktg. Grp., Inc. v. GPS Indus., Inc.,* 633 F. Supp. 2d 1341, 1347 (S.D. Fla. 2008) (finding that a stay would not prejudice the plaintiff where it does not produce a product and the sole remedy sought is monetary damages).

Further, a stay would not prejudice Mindbase because this case is in its infancy and discovery has not yet begun. Moreover, jury trials in this District have been postponed due to the pandemic since March of last year and when they resume, criminal trials may take priority over civil cases such as this one. In addition, Google's witnesses, Google's relevant sources of proof, and other relevant third-party witnesses are also mostly located in California, with none in Florida. In light of the ongoing pandemic, it is unlikely that any in-person discovery, and related travel, could occur in the near future.

Third, Google will suffer needless hardship from spending resources on discovery and claim construction, which will begin in the near future. In particular, the vague nature of

Mindbase's infringement allegations, which generally accuse Google's complex and multifaceted search and ad services but do not identify any particular aspect of the Accused Services or explain how the services infringe the patents-in-suit, raise the prospect of overbroad and overly burdensome discovery requests. The unclear allegations also may make it difficult for the parties to narrow the issues for claim construction. Such proceedings would likely differ under the rules of another district and judge, or will be unnecessary if Google's motion to dismiss is granted.

Fourth, a stay will conserve judicial resources by avoiding the time-intensive tasks of a *Markman* hearing and claim construction order, in addition to resolution of any discovery disputes or other matters that may arise. There is no reason for the Court to engage in these efforts if the case is transferred, or failing that, dismissed.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court enter an order staying discovery and all case deadlines until the Court resolves Google's Motion to Transfer and Motion to Dismiss.

## LOCAL RULE 7.1 CERTIFICATION

In accordance with Local Rule 7.1(a), counsel for Google has conferred with counsel for Mindbase in a good faith effort to resolve the issues raised in this motion and has been unable to do so. *See* L. R. 7.1(a)(3).

Dated this 27th day of January, 2021.

        Respectfully submitted,

        /s/*Edward M. Mullins*
        Edward M. Mullins (FBN 863920)
        Email: emullins@reedsmith.com
        Daniel A. Sox (FBN 108573)
        Email: dsox@reedsmith.com

Marcelo Diaz-Cortes (FBN 118166)
Email: mdiaz-cortes@reedsmith.com
REED SMITH LLP
1001 Brickell Bay Drive
Suite 900
Miami, FL 33131
Telephone: +1 786 747 0200
Facsimile: +1 786 747 0299

And

Michael S. Kwun (*Pro Hac Vice*)
Email: mkwun@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Telephone: +1 415 630-2350
Facsimile: +1 415 367-1539

*Counsel for Google, LLC*