UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-24742-BB

MINDBASEHQ LLC,

               Plaintiff,

v.

GOOGLE, LLC,

               Defendant.

_____/

## JOINT SCHEDULING REPORT

Plaintiff MindbaseHQ, LLC ("Mindbase"), and Defendant Google LLC ("Google"), pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Local Rule 16.1, this Court's Order Requiring Scheduling Report and Certificates of Interested Parties (ECF No. 7), and the Court's Order Granting Extension of Time to File the Joint Scheduling Report (ECF No. 19), submit their Joint Scheduling Report and attach as **Exhibit A** their Proposed Scheduling Order. In accordance with Local Rule 16.1(b)(1), the Parties conferred by email and telephone starting on January 7, 2021, and report as follows:

**Differentiated Case Management:**

Pursuant to Local Rule 16.1(a), the Parties recommend a Complex Case Management Track.  This case requires substantial fact and expert discovery pertaining to Mindbase's claims of patent infringement.  Further, Mindbase has accused Google Ads and Google's internet search, both of which are extremely large and complicated products. The Parties consider the subject matter of this case to be complex and anticipate that the trial in this matter will take approximately ten days.

**Conference Report**

**A.  The likelihood of settlement**

The Parties have not engaged in any settlement discussions.  The Parties agree to explore the possibility of settlement as appropriate throughout the discovery period and to keep the Court apprised of the status of any possible settlement.

**B.  The likelihood of appearance in the action of additional parties**

The Parties do not yet know about the necessity for the appearance of additional parties in this action.

**C.  Proposed limits on the time**

**i.   to join other parties and to amend the pleadings**

Please see the Parties' proposed schedule below.

**ii.   to file and hear motions**

Please see the Parties' proposed schedule below.

**iii.   to complete discovery**

Please see the Parties' proposed schedule below.

**D.  Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment**

At this time, the Parties do not have specific proposals for the formulation and simplification of issues.  The Parties take no position at this time as to the number of motions for summary judgment or partial summary judgment.  As to the timing of such motions, the Parties' proposal is reflected in the proposed schedule below.

**E.  The necessity or desirability of amendments to the pleadings**

Mindbase filed its Amended Complaint on January 11, 2021.  Google has not yet answered, and has filed a motion to dismiss the Amended Complaint.   Accordingly, the Parties do not yet

know about the necessity or desirability of further amendments to the pleadings.

**F.    The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence**

The Parties agree to the possibility of the foregoing ways to streamline the trial process and will endeavor to agree on those issues and, if necessary, bring such issues to the Court's attention for advance rulings.

**G.    Suggestions for the avoidance of unnecessary proof and of cumulative evidence**

At this time, the Parties do not have specific suggestions for the avoidance of unnecessary proof and of cumulative evidence, but they agree to endeavor to eliminate such issues through stipulated facts, stipulated authentication of certain documents, and joint exhibits at trial, where appropriate.

**H.    Suggestions on the advisability of referring matters to a Magistrate Judge or master**

The Parties agree that it is advisable to refer discovery-related matters to the Magistrate Judge but request that the resolution of dispositive matters and the trial be conducted by the District Judge.   The Parties do not consent to jurisdiction to the Magistrate Judge on any matter and preserve the right to review rulings before the District Judge.

**I.    Preliminary estimate of the time required for trial**

The Parties estimate this case will require approximately ten days of trial time.

**J.    Requested date or dates for conferences before trial, a final pretrial conference, and trial**

Please see the Parties' proposed schedule below.

**K.    Any issues about:**

   **i.    Disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**

At this time, the Parties do not foresee specific issues relating to electronically stored information.  The Parties anticipate agreement on a protocol to govern the general exchange of such material and may adapt the form and timing of such production based on specific production issues.  The Parties may also submit a proposed order addressing such issues for the Court's consideration.

> **ii.   Claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

At this time, the Parties do not foresee issues with claims or privilege or protection of trial-preparation materials.

> **iii.   When the parties have agreed to use the ESIChecklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist**

The Parties have not agreed to use the Court's ESI Checklist, but they anticipate agreeing to a protocol to govern the disclosure and production of electronically stored information, which may incorporate many of the provisions in the ESI Checklist, as appropriate.

> **L.   Any other information that might be helpful to the Court in setting the case for status or pretrial conference**

Because this case alleges patent infringement, the Parties request a *Markman* hearing and ask the Court to provide for such proceedings and briefing in its scheduling order.  Please see the Parties' proposed schedule below for additional details.

**Proposed Schedule**

| | |
|---|---|
| **January 29, 2021** | Parties exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). The Parties are reminded that pursuant to S.D. Fla. L.R. 26.1(b), initial disclosures shall not be filed with the Court unless an exception noted in the Local Rules applies. |

| | |
|---|---|
| **March 1, 2021** | The Parties shall select a mediator pursuant to Local Rule 16.2, shall **schedule a time, date, and place for mediation**, and shall jointly **file a notice, and proposed order scheduling mediation** via CM/ECF in the form specified on the Court's website, http://www.flsd.uscourts.gov. If the Parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible, and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all Parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. Within **three (3) days** of mediation, the Parties are required to file a mediation report with the Court. Pursuant to the procedures outlined in the CM/ECF Administrative Procedures **the proposed order is also to be emailed to bloom@flsd.uscourts.gov in Word format.** |
| **March 5, 2021** | Deadline to serve infringement contentions |
| **March 29, 2021** | Deadline to serve invalidity contentions |
| **April 9, 2021** | Deadline to exchange proposed terms for claim construction |
| **May 7, 2021** | Deadline to file opening *Markman* briefs (simultaneous) |
| **May 28, 2021** | Deadline to file responsive *Markman* briefs (simultaneous) |
| **May 31, 2021** | Deadline to file all motions to amend pleadings or join parties. |
| **June 11, 2021 (or shortly thereafter)** | Tutorial/*Markman* hearing is held |
| **November 12, 2021** | Deadline to complete fact discovery |
| **December 3, 2021** | Deadline to disclose the identity of expert witnesses, and to exchange expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2). Rebuttal disclosures are permitted, and must conform to the deadline set forth in Federal Rule of Civil |

|  | Procedure 26(a)(2)(D)(ii). |
|---|---|
| **January 14, 2022** | Deadline to exchange rebuttal expert witness reports |
| **January 28, 2022 (or 120 days before the trial period commences)** | Deadline to complete expert discovery |
| **February 11, 2022** | Deadline to complete mediation and file a mediation report. |
| **February 18, 2022 (or 100 days before the trial period commences, if that date is sooner)** | Deadline to file all pre-trial motions, motions *in limine*, and *Daubert* motions (which include motions to strike experts). **This deadline includes all <u>dispositive motions</u>.** |
| **April 15, 2022 (or 40 days before the trial period commences, if that date is sooner)** | Deadline to submit joint pre-trial stipulation in accordance with Local Rule 16.1(e), proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable. |

## <u>Rule 26(f) Discovery Plan</u>

In accordance with Federal Rule 26(f), the Parties provide the following views and proposals on a discovery plan.

### A.  Changes in timing, form, or requirement for disclosures under Rule 26(a)

At this time, the Parties do not believe changes to the requirements or timing of disclosures under Rule 26(a) are necessary for this case.  The Parties will make their initial disclosures on January 29, 2021 per the proposed schedule above.  To the extent the Parties seek deviations from the time requirements set forth in Rule 26(a), they are reflected in the Parties' proposed schedule above.

### B.  Subject, timing, and phases of discovery

The Parties agree that discovery concerning liability and damages is needed.  As to the

timing and phases of fact, claim construction, and expert discovery, please see the Parties' proposed schedule above.

**C. Any issues about disclosure, discovery, or preservation of electronically stored information**

The Parties anticipate that discovery may include the disclosure and/or production of electronic or computer-based media. The Parties agree that electronic discovery will be limited to data reasonably accessible by the Parties. To the extent an issue arises regarding electronic discovery with regard to scope, cost, and time required, the Parties will work together in good faith to resolve such issues. The Parties further agree that reasonable measures will be taken to preserve such electronically stored information in accordance with the Federal Rules of Civil Procedure, subject to any modifications that may be agreed upon or ordered by the Court. In view of the current global pandemic, the Parties agree to serve discovery requests and responses electronically, with each side to designate email addresses to be used for such service. In the event that a Party does not designate such email addresses or if service to such email addresses results in a delivery error, electronic service on the email addresses registered for delivery of documents via ECF shall suffice.

The Parties agree that for non-source code productions each will produce electronically stored information in single-page TIFF image format with a load file including information to be agreed upon by the Parties, but at least including a text file or OCR for each document and data sufficient to identify document breaks and attachment relationships. The Parties may request that specific documents (such as Excel files) be produced in native format, and as necessary the Parties will meet and confer about the appropriateness of such requests. The Parties shall produce ESI in two stages: (1) production of non-email ESI, then, based on the review of the non-email ESI, (2) production of email from up to 7 custodians (i.e., Plaintiff may request email from 7 custodians,

and Defendant may request email from 7 custodians). The Parties have agreed that neither Party is required to preserve or search back-up tapes/media, unless and until a Party identifies a particularized need for such preservation or search.

The Parties may discuss further protocols for the production of electronically stored information, and may submit such further protocols to the Court for approval.

### D.  Any issues about claims of privilege or of protection as trial-preparation materials

The Parties intend to submit a joint motion for a Protective Order allowing either Party to designate appropriate documents "Confidential" or "Confidential—Attorneys' Eyes Only," with additional protections for source code, to protect information that is within the scope of Fed. R. of Civ. P. 26(c).

In the event that a Party inadvertently produces information that is protected by the attorney-client privilege, work product doctrine or any other privilege, within a reasonable time after the producing Party discovers the inadvertent disclosure the producing Party may make a written request to the other Party to return the inadvertently produced privileged document.  All parties who received the inadvertently produced document will either return the document to the producing Party or destroy the document immediately upon receipt of the written request.  By returning or destroying the document, the receiving Parties are not conceding that the document is privileged and are not waiving their right to later challenge the substantive privilege claim; except that they may not challenge the privilege claim by arguing that the inadvertent production waived the privilege. .

### E.  Changes in the limitations on discovery imposed under Federal and Local Rules and other limitations to be imposed

At this time, the Parties do not suggest any changes in the limitations on discovery imposed under the Federal and Local Rules.  As noted above, the Parties anticipate submitting a protocol

on electronically stored information to the Court for approval.  Should any other need arise, the Parties will confer and submit any issues to the Court.

**F. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**

The Parties anticipate agreement on a joint protective order to address confidentiality concerns and will submit a motion to the Court for such an appropriate order.

**Magistrate Judge Elections:**

The Parties' completed *Election to Jurisdiction by a United States Magistrate Judge for Final Disposition of Motions* form is attached hereto as **Exhibit B**.

Dated this the 28th day of January, 2021.

Respectfully submitted,

s/ Alen H. Hsu
Alen H. Hsu (FBN 62495)
Email: ahsu@wsh-law.com
Anne R. Flanigan (FBN 113889)
Email: aflanigan@wsh-law.com

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.
1200 N. Federal Hwy, Ste. 312
Boca Raton, FL 33432
Telephone: (561) 835-2111

James Iaconis (*Pro Hac Vice*)
Texas Bar No. 24080954
Iaconis Law Office
P.O. Box 450473
Miami, FL 33245
Email: james.iaconis@iaconislaw.com

R. Terry Parker  (*Pro Hac Vice*)
Massachusetts Bar No. 569008
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

/s/ Edward M. Mullins
Edward M. Mullins (FBN 863920)
Email: emullins@reedsmith.com
Daniel A. Sox (FBN 108573)
Email: dsox@reedsmith.com
Marcelo Diaz-Cortes (FBN 118166)
Email: mdiaz-cortes@reedsmith.com

REED SMITH LLP
1001 Brickell Bay Drive
Suite 900
Miami, FL  33131
Telephone: +1 786 747 0200
Facsimile: +1 786 747 0299

Michael S. Kwun (*Pro Hac Vice*)
Email: mkwun@kblfirm.com

KWUN BHANSALI LAZARUS LLP
555 Montgomery Street
Suite 750
San Francisco, CA 94111
Telephone: +1 415 630-2350
Facsimile: +1 415 367-1539

*Counsel for Google LLC*

*Counsel for MindbaseHQ, LLC*