UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-24742-BLOOM

MINDBASEHQ LLC,

    Plaintiff,

v.

GOOGLE, LLC,

    Defendant.

_____/

**PLAINTIFF'S REPSONSE**
**IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY**

Plaintiff MindbaseHQ, LLC ("Mindbase") objects to the defendant Google, LLC's ("Google") request to stay proceedings pending the Court's resolution of Google's Motion to Transfer (ECF No. 25) and its Motion to Dismiss (ECF No. 27). Google's motion to dismiss is neither ripe for a ruling, having been filed only days before the instant motion, nor so unambiguously meritorious as to justify a stay of discovery, and its motion to transfer is not a dispositive motion amenable to a stay pending its resolution at all. Accordingly, the Court should deny the relief Google seeks.

## BACKGROUND

Mindbase filed its First Amended Complaint on January 11, 2021, alleging that Google infringed both U.S. Patent Nos. 6,510,433 (the "433 Patent") and 6,665,680 (the "680 Patent") (together, the "Patents-in-Suit"). *See* ECF No. 22, at ¶¶ 19, 23, 35.

On January 25, 2021, Google moved both to transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a), and to dismiss this action. *See* ECF Nos. 25 and 27. Just two days later, on January 27, 2021, before Mindbase had responded to either motion, Google

moved to stay all discovery in this action pending the Court's resolution of its motions to transfer and dismiss. *See* ECF No. 29. On January 29, 2021, this Court issued its preliminary scheduling order, providing, *inter alia*, that discovery in this action is to conclude by October 19, 2021.

## **LEGAL STANDARD**

"Motions to stay discovery pending a ruling on a dispositive motion are generally disfavored in this district." *Flecha v. Neighbors Moving Serv., lnc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013) (citing S.D. Fla. Local Rules, App. A, Discovery Practices Handbook I.D(5)). In order to prevail on a unilateral motion to stay discovery, "the movant must show that good cause and reasonableness support a stay." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014). Good cause may be established where a potentially dispositive motion filed prior to discovery is "clearly meritorious." *See Feldman v. Flood*, 176 F.R.D. 651, 652-653 (M.D. Fla. 1997) ("While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive.").

However, while granting or denying a motion to transfer venues pursuant to 28 U.S.C. § 1404(a) is within the trial court's discretion, *see Brown v. Connecticut Life Ins. Co.*, 934 F.2d 1193, 1997 (11th Cir. 1991), a Section 1404(a) motion to transfer is not a dispositive motion, as even a successful transfer to another venue would not, in and of itself, obviate the need to conduct discovery at all. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 (D. Nev. Oct. 29, 2013) (denying motion to stay discovery pending resolution of Section 1404(a) motion); *accord.*

*Leath v. Florida*, 2007 WL 656542, at *1 (N.D. Fla. Feb. 28, 2007) ("Thus, because a motion to transfer does not address the merits of a case but merely changes the forum of an action, it is a non-dispositive matter").

## ARGUMENT

I.     **Defendant's Motion to Dismiss is Neither "Clearly Meritorious" Nor "Truly Case Dispositive."**

As Mindbase will demonstrate in its Response, Google's attack on Mindbase's Complaint pursuant to Rule 12(b)(6) is hardly "clearly meritorious." It is a dubious bit of testosterone lawyering that boarders on frivolity.

Google's attack on Mindbase's infringement claims pursuant to Rule 12(b)(6) fails on its face because it asks this Court to do what it cannot do—decide contested facts at the pleadings stage in favor of a defendant. It is well settled that deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the light most favorable to the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir.2010). In a patent case, a complaint has "adequately plead direct infringement is to be measured by the specificity required by Form 18." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012); *see also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). Form 18 requires:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*K—Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) (citations omitted).

As Mindbase will demonstrate in its forthcoming Response, its Complaint not only includes each of the elements provided by Form 18 but goes above and beyond that by alleging with specificity element by element of a representative claim how Google's database system infringes the patents at issue. Google's motion to dismiss the infringement claims under Rule 12(b)(6) is neither clearly meritorious nor truly dispositive of the case.

More notably Google attacks the validity of the patent, an issue that is grossly premature because a U.S. patent is presumed valid pursuant to 35 U.S.C. § 282(a), meaning that an accused infringer bears the burden of establishing invalidity by clear and convincing evidence when challenging eligibility under § 101. *See Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011); *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018) (reversing grant of motion to dismiss where validity of patent depends on resolution of factual issues); *Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1341 (Fed. Cir. 2013) (finding conclusion under § 101 depends on "underlying factual issues"). Google has attacked the validity of the patents at issue at the pleadings stage of the litigation, prior to any discovery, prior to any claim construction by the Court, relying solely on its mischaracterization of the claims in the patents. Mindbase's forthcoming Response will demonstrate that Google has not and cannot establish invalidity by a clear and convincing standard.

Accordingly, Google's motion to stay discovery of this case is unfounded. *Flecha v. Neighbors Moving Services, Inc.*, 944 F. Supp. 2d at 1203 (S.D. Fla. March 7, 2013) (denying stay where "genuine dispute" presented in parties' papers); *Ray v. Spirit Airlines, Inc.*, No. 12-615288-CIV, 2012 WL 5471793, at *3 (S.D. Fla. Nov. 9, 2012) (denying stay where "the Court [could] not say that [the] case is surely destined for dismissal"); *Datto v. Florida International University Board of Trustees*, No. 20-CV-20360, 2020 WL 3576195, at *2 (S.D. Fla. July 1, 2020) (denying

stay where the case at bar did not present an especially dubious claim, even after review of the pending motion to dismiss); *Cabrera v. Progressive Behavioral Science, Inc.*, 331 F.R.D. 185, 187 (S.D. Fla. May 20, 2019) (denying stay where the "Court cannot say that this case will certainly be dismissed" given that the plaintiff "offers several arguments in response"); *Bocciolone*, 2008 WL 2906719, at *2 (denying stay where court found "sufficient reason to question whether Defendants' Motion will prevail on all claims"); *S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.,* No. 06-21722-CIV, 2007 WL 201258, at *1-2 (S.D. Fla. Jan. 24, 2007) (denying stay where defendant raised colorable legal defenses, but plaintiff presented strong rebuttal arguments); *Montoya*, 2014 WL 2807617, at *2 (denying stay where the court's "incomplete and preliminary review suggests that the motions may not be the 'slam-dunk' submissions the Defendants describe them to be").

In addition, courts deny motions to stay in a procedural posture such as we have here. *See Bocciolone*, 2008 WL 2906719, at *2 (denying motion to stay discovery, noting that Defendants filed their motion to stay "just *four days* after their Motion to Dismiss was fully briefed"); *Ray*, 2012 WL 5471793, at *3 (denying motion to stay discovery during pendency of resolution to motion to dismiss where "[Defendant's] motion was filed barely more than a month ago and has just now become ripe."); *Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *2 (S.D. Fla. March 24, 2008) (denying stay where "expensive discovery has not proceeded and likely will not have proceeded very far by the time the Court issues a ruling" on the defendant's motion to dismiss).

In addition, Google has not identified in any specific and tangible way the allegedly unreasonable discovery burdens it will face absent such a stay. Indeed, it primarily argues that its witnesses, relevant sources of proof, and other relevant third-party witnesses are mostly located in California, and that the nature of Mindbase's accusations "raise the prospect of overbroad and

5

overly burdensome discovery requests." ECF No. 29, at 5-6.  Neither contention entitles Google to the relief it seeks, and other courts of this District have already rejected functionally identical arguments.  *Ray*, 2012 WL 5471793, at *3.  In *Ray*, the court rejected what it characterized as "bland generalizations" regarding the "scope and breadth of the Plaintiff's RICO allegations" requiring a "substantial amount" of discovery, saying "[t]hese arguments just won't do. They are premature and speculative: extensive, expensive discovery has not yet proceeded and likely will not have proceeded very far by the time the Court issues a ruling." *Id.*; *see also Lane v. Enhanced Recovery Company, LLC*, No. 3:18-CV-1-J-32JBT, 2018 WL 2688761, at *2 (M.D. Fla. May 1, 2018) (denying motion for protective order and finding that defendant's "assertions regarding undue burden and expense are entirely conclusory and thus insufficient.").

Accordingly, as Google has failed to demonstrate that this case is clearly destined for dismissal, and has likewise failed to show that the risk of overbroad and unduly burdensome discovery requests is anything more than a speculative specter, this Court should deny the relief requested.

### II. Defendant's Motion to Transfer is Not a Dispositive Motion.

It is worth repeating that, in this District, "[m]otions to stay discovery pending a ruling on a *dispositive* motion are generally disfavored in this district." *Flecha*, 944 F. Supp. 2d at 1203 (emphasis added).  It is thus odd that Google seeks a stay of discovery while its Motion to Transfer under 28 U.S.C. § 1404(a) is pending.  While a successful motion to transfer may dispose of this Court's jurisdiction over the case, it would not dispose of the case and is thus not amenable to relief in the form of a stay of discovery at all as the patents in this case will not change as a result of this transfer, nor will the information sought through the discovery process become any more or less dispositive in one venue than in another.  *See, e.g. Zampa v. JUUL Labs, Inc.*, No. 18-

25005-CIV, 2019 WL 1777730, at *5 n.3 (S.D. Fla. April 23, 2019) ("It is well-established that the undersigned Magistrate Judge has the authority . . . to dispose of motions to transfer venue, as such a ruling has a non-dispositive effect on the litigation."); *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 (D. Nev. Oct. 29 2013) (denying motion to stay discovery pending resolution of motion to transfer under 28 U.S.C. § 1404(a), as "the outcome of a Section 1404(a) motion does not impact the ultimate need to conduct discovery.").

Regardless of whether this case is ultimately transferred to Google's preferred venue or not, the ultimate gravamen of the suit—and thus the material Google will be required to produce in discovery—will not change as a consequence of such transfer.

Google's reliance on *Fondo De Proteccion Soc. De Los Depositos Bancarios v. Diaz Reus & Targ, LLP*, No. 16-21266-CIV, 2016 WL 10952495, at *2 (S.D. Fla. Dec. 29, 2016), and *Rando v. Gov't Emps. Ins. Co.*, No. 5:06-CV-336-OC-10GRJ, 2006 WL 8439443, at *2 (M.D. Fla. Dec. 4, 2006), is not only misplaced but misleading. In *Fondo*, the court faced both a motion to dismiss, which was dispositive, and a motion to transfer venue and found a stay promoted judicial efficiency and economy because the dispositive motion would render a motion to compel discovery moot in light of the merits of the motion to dismiss. See *Fondo*, 2016 WL 10952495, at *2. In *Rando*, the stay was warranted because a meritorious motion to dismiss would be dispositive of the case. *Rando,* 2006 WL 8439443, at *2. It is thus misleading for Google to insist its pending Motion to Transfer provides a basis for staying discovery.

Google's claim that it will suffer "needless" hardship of spending resources on discovery and claim construction erroneously assumes there is merit to a dispositive motion. Discovery regarding claim construction, validity of the patents, infringement, and damages will occur regardless of venue. Staying discovery will merely postpone that discover, and thus the timely

7

adjudication of Mindbase's claims, for months. Such delay and prolongation of discovery that would accompany a stay would only serve to unfairly hold up the prosecution of this case.

## CONCLUSION

For the foregoing reasons, Google's motion to stay discovery proceedings should be denied, and discovery should be allowed to progress in accordance with the Court's January 29, 2021 scheduling order.

Dated: February 10, 2021              Respectfully submitted,

/s/ Alen H. Hsu
Alen H. Hsu, Esquire
Florida Bar No. 62495
Anne R. Flanigan
Florida Bar No. 113889
WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
1200 N. Federal Highway
Suite 312
Boca Raton, FL 33432
Telephone: (561) 835-2111
Email: ahsu@wsh-law.com
          aflanigan@wsh-law.com

James Iaconis, Esquire*
Texas Bar No. 24080954
Iaconis Law Office
P.O. Box 450473
Miami, FL  33245
Email:  james.iaconis@iaconislaw.com

R. Terry Parker, Esquire*
Massachusetts Bar No. 569008
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*

*Admitted Pro Hac Vice*