UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24742-BLOOM/Otazo-Reyes

MINDBASEHQ LLC,

    Plaintiff,

v.

GOOGLE LLC,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon Defendant Google LLC's ("Defendant") Motion to Stay Pending Resolution of Motion to Dismiss and Motion to Transfer. ECF No. [29] ("Motion").[1] Plaintiff MindbaseHQ ("Plaintiff") filed a Response in Opposition, ECF No. [37] ("Response"), to which Defendant replied, ECF No. [38] ("Reply"). The Court has reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617,

---

[1] It is worth noting that, to date, neither of Defendant's pending Motions have been fully briefed. *See* ECF No. [25] (Defendant's Motion to Transfer Venue); ECF No. [27] (Defendant's Motion to Dismiss).

at *2 (S.D. Fla. June 20, 2014). "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012).

"While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits" of each motion to determine whether they appear to be "clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53. "[A] motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008). Further, "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Montoya*, 2014 WL 2807617, at *2.

Here, the basis upon which Defendant moves to stay discovery is its pending Motion to Transfer Venue and Motion to Dismiss, which it believes are dispositive in this case. Defendant's argument relies in part upon the opinion of the Court of Appeals for the Eleventh Circuit *Chudasama v. Mazda Motor Corp.*, which held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." 123 F.3d 1353, 1367 (11th Cir. 1997) (footnote omitted). Defendant argues that the resolution of either pending motion would be dispositive in this case, and it maintains that a stay is warranted because engaging in discovery would force Defendant to needlessly expend significant resources in responding to Plaintiff's broad and unduly burdensome discovery requests. *See* ECF Nos. [38-1] & [38-2].

Moreover, Defendant's reliance on *Chudasama* is misplaced. *Chudasama* does not state a general rule that discovery should be stayed pending resolution of a dispositive motion. *Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ("[T]here is no general rule that discovery be stayed while a pending motion to dismiss is resolved."); *Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (*Chudasama* "does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss."); *Bocciolone*, 2008 WL 2906719, at *1 ("[C]ourts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion."). In fact, "[m]otions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013); *Ray*, 2012 WL 5471793, at *3 (explaining that the *Chudasama* court "confronted a very specific situation involving a threefold problem—unjustifiable delay by the district court in ruling on the motion to dismiss, an erroneous decision to compel discovery from the defendant prior to adjudicating the motion to dismiss, and an especially dubious fraud claim that was likely to be dismissed").

Unlike the exceptional circumstances presented in *Chudasama*, where the district court did not rule on a motion to dismiss for over a year and a half, here, Defendant just recently filed its motions, and Defendant's motions have yet to be fully briefed. This fact alone essentially renders *Chudasama* inapplicable. Without the benefit of Plaintiff's responses and defenses to the issues presented in the motions, the Court cannot properly take a "preliminary peek" at the viability of the motions to determine if this case presents the kind of "especially dubious" claim that would justify staying discovery to avoid needless and extensive discovery. *See id.* at *2. As such, the instant Motion is premature because it falls short of placing the Court in a position to determine

3

that it would be meritorious and case dispositive. *See Jackson v. Anheuser-Busch InBev SA/NV, LLC*, No. 20-cv-23392, 2021 WL 493959, at *2 (S.D. Fla. Feb. 10, 2021) (denying motion to stay discovery pending the resolution of a defendant's anticipated motion to dismiss where the plaintiff had yet to file its amended complaint); *see also Miller's Ale House, Inc. v. DCCM Rest. Grp., LLC*, 2015 WL 6123984, at *2 (M.D. Fla. Oct. 16, 2015) (distinguishing *Chudasama* on the ground, among others, that defendant's motion to dismiss had yet to be fully briefed, and noting that plaintiff would likely be given leave to amend even if defendant's motion to dismiss was to be granted); *Montoya*, 2014 WL 2807617, at *2 ("Because the dismissal motions are not even fully briefed, the Undersigned is not prepared to now assess the viability of the motions. Nevertheless, my admittedly incomplete and preliminary review suggests that the motions may not be the 'slam-dunk' submissions the Defendants describe them to be in their papers and at the hearing.").

Even after a review of the motions, however, the Court remains unpersuaded that Defendant's motions are so "clearly meritorious and truly case dispositive," such that a stay of discovery is justified. *Feldman*, 176 F.R.D. at 652-53. First, with regard to the Motion to Transfer, the Court concludes that, regardless of its ultimate ruling, this motion will not dispose of the entire case or avoid the need to engage in significant and expensive discovery. Rather, any discovery efforts conducted in this case will be equally necessary if the case is ultimately transferred. *See Renuen Corp. v. Lameira*, No. 6:14-cv-1754-Orl-41T, 2015 WL 1138462, at *2 (M.D. Fla. Mar. 13, 2015) ("The Court fails to see why transfer of the case will have any meaningful effect on the litigation. While any new court will presumably enter its own scheduling order, transfer certainly will not simplify the issues or reduce the amount of discovery required to present the parties' claims and defenses."); *see also, e.g.*, *Randy Rosenberg, D.C., P.A. v. GEICO Gen. Ins. Co.*, No. 19-cv-61422, 2019 WL 6052408, at *2 (S.D. Fla. Nov. 15, 2019) (denying motion to stay where

granting the motion to dismiss would result in the case being remanded back to state court and thus would not avoid "needless and extensive discovery").

Similarly, although the Court cannot determine the viability of the Motion to Dismiss at this juncture, it notes that Defendant seeks dismissal based on the sufficiency of the allegations in the Amended Complaint, ECF No. [22]. Yet, even assuming the Motion to Dismiss will be granted, Defendant's arguments regarding its anticipated success on the Motion to Dismiss fail to consider the likelihood that Plaintiff will be granted leave to amend any pleading deficiencies. Further, the current deadline for either party to seek leave to amend is March 29, 2021. *See* ECF No. [34]. Thus, Defendant has failed to demonstrate that the resolution of its Motion to Dismiss will be truly case dispositive here. *See Datto v. Fla. Int'l Univ. Bd. of Trustees*, No. 20-cv-20360, 2020 WL 3576195, at *2 (S.D. Fla. July 1, 2020) ("Here, the Court cannot conclude at this juncture that Defendant's motion to dismiss will be granted and, even if so, whether such dismissal would be of the Complaint its entirety and with prejudice."); *see also Renuen Corp.*, 2015 WL 1138462, at *2 ("Even if the Court assumes Lerman's motion to dismiss the RICO count will be granted the likelihood that Plaintiffs will not be given leave to amend is slim and none. Therefore, regardless of their merit, the motions to dismiss are not truly case dispositive."); *Sprint Sols., Inc v. Cell Xchange, Inc.*, 8:14-cv-233-T-27AEP, 2014 WL 4947819, at *2-3 (M.D. Fla. Oct. 1, 2014) (stay of discovery not warranted when it is unclear whether motion to dismiss will dispose of the entire case); *Bocciolone*, 2008 WL 2906719, at *2 ("[A] motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case.").

Likewise, regarding Defendant's contention that its participation in discovery will be unduly burdensome or prejudicial, the Court is confident that any such prejudice will be minimized

by the prompt resolution of Defendant's motions, once fully briefed, especially given the early stage of discovery proceedings.

> In the interim, nothing herein should be construed as a blank check for Plaintiffs to burden or harass [Defendant] with ridiculous discovery requests. Should that come to pass, the multitude of tools provided by the discovery rules remain at [Defendant's] disposal. Any appropriate motions seeking protection or relief from discovery may be addressed by the Magistrate Judge, under this Court's automatic reference of such matters. That will allow particularized discovery issues to be addressed and resolved on a case-by-case basis, which is a more prudent approach than an indiscriminate blanket stay of discovery.

*Ray*, 2012 WL 5471793, at *4; *see also S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.*, No. 06-21722-CIV, 2007 WL 201258, at *3 (S.D. Fla. Jan. 24, 2007) ("The denial of the pending motion does not mean, of course, that the Defendant cannot argue for reasonable limitations on the scope of discovery, at least at the beginning stages of the case. . . . Similarly, if the scope of the discovery requested far exceeds what would be reasonable in a straightforward case like this, then the Court may provide the Defendant with relief."); *Renuen Corp.*, 2015 WL 1138462, at *2 (objectionable discovery requests "may be grounds for a motion for protective order, but not a stay").

In sum, based on the discussion above, the Court concludes that a stay of discovery is not warranted in this case. Indeed, "[a] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). The Court will address Defendant's Motion to Transfer and Motion to Dismiss in due course but, for now, discovery may proceed.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [29]**, is **DENIED**. The parties shall proceed with discovery pending the resolution of Defendant's Motion to Transfer and Motion to Dismiss, and all dates and deadlines shall remain the same.

Case No. 20-cv-24742-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 22, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record