# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

MINDBASEHQ LLC,                                    Case No. 1:20-cv-24742-BB

                  Plaintiff,

    vs.

GOOGLE LLC,

                  Defendant.

---

## GOOGLE LLC'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTIONS OF DOCUMENTS AND THINGS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Google LLC ("Google") hereby objects to and responds to the First Set of Requests for Production (the "Requests") from Plaintiff MindbaseHQ LLC's ("Mindbase").

### GENERAL RESPONSES AND OBJECTIONS

The following General Responses and Objections apply to the Requests in their entirety and to each and every separate request, including but not limited to each subpart. They shall have the same force and effect as if set forth in full in response to each individual request.

1.      Google objects to each request to the extent it seeks information that is not relevant to a claim or defense, or is overbroad and not proportional to the needs of the case, particularly to the extent it asks Google to search for documents from all employees at Google, seeks documents regarding Google products that are not even referenced in the Amended Complaint (or in Mindbase's Infringement Contentions), purports to impose requirements beyond those of the Federal Rules of Civil Procedure or the Local Rules, seeks documents,

1

Exhibit "B"

information, or things in a format that Google does not maintain in the ordinary course of business, and is not narrowly tailored for this litigation.

2.     Google objects to each request to the extent that, in the event the case is transferred to another court, the request calls for documents or information concerning subject matter that is covered by the local rules of the transferee forum.

3.     Google objects to each request to the extent that it calls for information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4.     Google objects to each request to the extent it requests documents and information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection as provided by law.  Google will not produce such privileged or protected documents, and any production or disclosure of any privileged or protected documents shall not be deemed a waiver of any privilege.  Any such disclosed documents or information shall be returned promptly to Google upon notification to Mindbase, and shall not be copied, used, or referred to in any way by Mindbase for any purpose.

5.     Google objects to each request to the extent it requests documents or things that are not within Google's possession, custody or control.  In making objections to any and all requests, Google does not indicate that responsive documents or things exist within the ownership, possession, custody or control of Google.

6.     Google objects to each request to the extent it requires legal conclusions in order to provide a response and/or produce documents or things.

/ / /

/ / /

7.      Google objects to each request to the extent it improperly and prematurely seeks discovery regarding expert opinions or invalidity contentions prior to the schedule set by the Court or agreed to by the parties in this matter.

8.      Google objects to each request to the extent that it seeks documents or things protected from disclosure by constitutional and/or statutory privacy rights, including those of third persons and Google.

9.      Google objects to each request to the extent it seeks proprietary, trade secret or other confidential or competitively sensitive documents or things.  Google will only produce such relevant, non-privileged materials subject to adequate protections after entry of a protective order and order on the production of electronically stored information entered by the Court in this action.

10.     Google objects to each request to the extent that it is not reasonably limited to the jurisdictional reach of the United States patent laws, including by not being limited to information that relates to domestic acts.

11.     Google objects to each request to the extent it is not reasonably limited to a time period relevant to this litigation, including by not being limited to the time period for which damages are allowable in this litigation.

12.     Google objects to each request that seeks "all" or "any and all" documents or things regarding a given topic or topics on the grounds that such requests are not relevant to any claim or defense and not proportional to the needs of the case.  Google is willing to meet and confer to reasonably narrow those requests or to discuss reasonable limitations on the burden of any relevant search or inquiry.

/ / /

13.     Google objects to each request to the extent that it seeks confidential and proprietary information of third parties for which Google has an obligation to keep such information confidential.

14.     Google objects to the definition of "Defendant" in paragraph 2 of Mindbase's Definitions as overbroad, unduly burdensome, vague, and ambiguous and because the definition seeks to encompass all Google's "members, predecessors in interest, any entities collectively owned, in whole or in part, by its members and any subsidiaries, affiliates, partners, holding companies, divisions, departments, operating units, and other subdivisions; present and former directors, officers, employees, agents, attorneys, consultants, and representative; and all Persons either acting or purporting to act on behalf of the [foregoing], or any of them."  This definition goes beyond any reasonable or proportional definition of "Defendant."  Google shall interpret this term to refer to Google LLC.

15.     Google objects to the definition of "Enforcement Period" in paragraph 4 because it is overbroad and covers a time period during which Mindbase cannot recover damages and after which the Patents-in-Suit had expired.  Mindbase defines the "Enforcement Period" as Jan 1, 2003 through June 30, 2019.  This is a case for past damages only, however, and the statute of limitations on past damages is 6 years.  *See* 35 U.S.C. § 286.  The complaint was filed on Nov. 17, 2020; therefore, damages only go back to Nov. 17, 2014.  Further, the patents expired on June 1, 2018 (*see* ECF No. 27 at 2 n.4), and Mindbase cannot enforce an expired patent.  *See* 35 U.S.C. § 271(a) (providing that patent infringement can only occur "during the term of the patent").

16.     Google objects to the definition of "Accused Products" in paragraph 7 because it includes eight products that are not even referenced in the Amended Complaint (or in

4

Mindbase's Infringement Contentions).  Google will interpret "Accused Products" as including only the two products identified in the Amended Complaint and Mindbase's Infringement Contentions—Google Search and Google Ads.  Further, Google objects that Mindbase has failed to identify any infringing features of either Google Search and Google Ads and therefore all requests for information regarding "Accused Products" are overbroad, unduly burdensome, and not proportional to the needs of this case.

17.     Google objects to the definition of "Related Patents" in paragraph 6 to the extent that it purports to confer an obligation on Google to identify related patents.

18.     Google objects to the definition of "Document(s)" in paragraph 11 as it is overbroad and purports to create a burden on Google beyond that required under the Federal Rules.  Google will conduct a reasonable search for documents, in accordance with its obligations under the Federal Rules, Local Rules, and any other applicable law or rule, in responding to these Requests.

19.     Google objects to the definition of "Electronic data" as it is overbroad and purports to create a burden on Google beyond that required under the Federal Rules, Local Rules, and any other applicable law or rule.  Google will conduct a reasonable search for documents, in accordance with its obligations, in responding to these Requests.

20.     Google objects to the definition of "Identify" in paragraph 13 as it is overbroad and purports to create a burden on Google beyond that required under the Federal Rules or any other applicable law or rule.

21.     Google objects to Instruction No. 5 to the extent that it creates a burden on Google beyond what is required by the Federal Rules of Civil Procedure or other applicable

/ / /

rules.  Google will provide all information required by the Federal Rules and other applicable law or rule.

22.     Google makes these responses subject to and without waiving these objections but specifically states that it is willing to meet-and-confer regarding each of the objections set forth herein.

23.     Google's objections and responses herein are not to be construed as a waiver of any right or objection, or as an admission of the discoverability, relevance, materiality, or admissibility of any information or document.  The production of a document or thing is not an indication of its relevance or admissibility.

24.     An agreement by Google to search for and produce responsive documents does not mean that such documents exist.  Such a response means that Google will produce relevant, responsive, non-privileged documents that it can locate with reasonable diligence, consistent with its obligations under the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's orders in this action.

Without limiting its General Objections in any way, Google makes specific objections to Plaintiff's First Set of Requests for Production as follows:

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

Each specific Response below is subject to and incorporates by reference the General Responses and Objections set forth above.

## REQUEST FOR PRODUCTION NO. 1:

All documents, including, but not limited to, reports with respect to each expert witness you intend to call at trial and each consulting expert whose work, mental impressions or observations was reviewed or relied upon by any testifying expert, concerning: (a) each expert's

factual observations and opinions; (b) the subject matter on which each expert is expected to testify, or the subject matter of a consulting expert reviewed or relied upon by a testifying expert; (c) a summary of the grounds of each opinion; (d) all documents prepared by, provided to, relied upon, or reviewed by any such expert; (e) all documents provided to you by each expert, including but not limited to reports, summaries, and correspondence; (f) documents evidencing the hourly rate of each expert, the method of determining the amount to be paid to the expert, the amount of fees earned by the expert to date, the amount of fees currently owed to the expert, the amount of fees billed to you by the expert, and the amount paid to the expert to date; and (g) a resume or curriculum vitae or other document summarizing each expert's qualifications within the field or discipline or area with respect to this Lawsuit in which such expert is expected to testify.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it is premature and seeks disclosure of expert materials prior to the date ordered by the Court; (2) it seeks expert materials to which Mindbase is not entitled, including "[a]ll documents" an expert provides to Google, and information regarding expert fees; and (3) it calls for, or could be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged documents regarding any testifying expert witness it retains at the appropriate time and in accordance with the Scheduling Order in this case and Rule 26(a)(2).

**REQUEST FOR PRODUCTION NO. 2:**

All documents concerning your method or your expert's method(s) of calculating or refuting the damages alleged in this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it is overbroad and seeks expert witness information to which Mindbase is not entitled; (2) it is premature and seeks expert witness materials prior to the date ordered by the Court; (3) Mindbase has not set forth any amount of damages in its Amended Complaint or elsewhere; and (4) it calls for, or could be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged information regarding the findings of any testifying expert it retains at the appropriate time and in accordance with the Scheduling Order in this case and Rule 26(a)(2).

**REQUEST FOR PRODUCTION NO. 3:**

All documents concerning the identity of persons whom you believe may have knowledge of facts relevant to this Lawsuit, or with whom you have shared any statements, reports, or documents relating to this Lawsuit or the facts and claims underlying this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it is redundant to the extent it seeks information Google provided in its initial disclosures pursuant to Rule 26(a)(1)(A); (2) it is

overbroad and seeks irrelevant information in that it asks Google to identify the individuals with whom Google may have "shared" information regarding this litigation; (3) it is not proportional to the needs of the case in that it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (4) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure; and (5) it is compound.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will comply with its obligations under Rule 26(a) and supplement such information as required under Rule 26(e).

**REQUEST FOR PRODUCTION NO. 4:**

All documents concerning any agreements that you have reached with any individual or entity that is in any way related to this Lawsuit or the facts and claims underlying this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it seeks information that is not relevant to any claim or defense in this litigation; (2) it is vague and ambiguous with respect to the term "agreement"; and (3) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request.

/ / /

**REQUEST FOR PRODUCTION NO. 5:**

All documents concerning any communications regarding the Accused Products on the one hand and resource description framework, RDFa, JSON-LD, or data structuring formats and methods on the other hand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) the definition of "Accused Products" includes products that are not relevant to this litigation; (2) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (3) it is not proportional to the needs of the case in that it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (4) it is overbroad in that it is not reasonably limited to a time period relevant to this litigation; (5) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (6) it is not proportional to the needs of the case to the extent it appears to seek "[a]ll documents" and "communications" regarding "resource description framework, RDFa, JSON-LD, or data structuring formats and methods" that are not related to any accused technology; (7) it is vague and ambiguous with respect to the phrase "on the other hand"; (8) it seeks, or could be construed as seeking, proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; and (9) it is compound.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 6:**

All documents identified or relied on in responding to any interrogatories served on you in this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Google incorporates each of its general objections by reference. Google further objects to this request on the grounds and to the extent that: (1) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure; and (2) it is vague and ambiguous as to the phrase "relied on." Google interprets this request as seeking production of documents explicitly identified and referenced in its responses to Mindbase's interrogatories.

Subject to and without waiving the foregoing objections, Google responds as follows: To the extent this request is narrowed and modified in accordance with the objections asserted above, Google will produce non-privileged documents identified in Google's responses to Mindbase's interrogatories that are within Google's possession, custody, or control that it locates after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and things which you intend to introduce as an exhibit or evidence in the Lawsuit, including, without limitation, exhibits or evidence you intend to introduce at trial or any hearings on claim construction, summary judgment, or other issues.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Google incorporates each of its general objections by reference. Google further objects to this request on the grounds and to the extent that: (1) it is premature to the extent it seeks

disclosure of "exhibits or evidence" beyond what is required at this stage of the litigation under Rule 26, the Local Rules, or the Scheduling Order in this case; and (2) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce any exhibits and evidence at the appropriate time and in accordance with Rule 26, the Local Rules, and the Scheduling Order in this case.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and things, including all models, displays, exhibits, or any other form of demonstrative evidence which you intend to use at the trial of this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it is duplicative of Request No. 7; (2) it is premature to the extent it seeks disclosure of trial materials beyond what is required at this stage under Rule 26, the Local Rules, and the Scheduling Order in this case; (3) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce its trial exhibits and demonstrative evidence at the appropriate time and in accordance with Rule 26, the Local Rules, and the Scheduling Order in this case.

**REQUEST FOR PRODUCTION NO. 9:**

All documents reflecting communications between you and your accountants regarding this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it is not relevant to any claim in this litigation; and (2) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to identify the entities, employees, personnel or representatives (including their positions or job titles at the time and their positions or job titles at the present) involved in any way in the development, testing, evaluation, production, release or offering of the Accused Products during the Enforcement Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (2) the definition of "Accused Products" includes products that are not relevant to this litigation; (3) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (4) it is unduly burdensome to the extent it asks Google to provide information regarding current job titles of unspecified "entities, employees, personnel or representatives" that

13

are not within Google's possession, custody, or control; (5) it seeks documents and information that are not relevant, unduly burdensome, and not proportional to the needs of the case regarding thousands of individuals "involved in any way in the development, testing, evaluation, production, release or offering of" Google products over a period of 16 years with no limitation whatsoever; and (6) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws.

Subject to and without waiving the foregoing objections, Google responds as follows: Google has identified relevant individuals in its initial disclosures and will supplement that information as required under Rule 26(e).

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to identify the of entities, employees, or personnel involved in any way in the marketing, sales, analysis or offering to third parties of the space or means by which advertising, promotions, or other information, materials, services, or activities can be made available to users and consumers in connection with the Accused Products during the Enforcement Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it appears to be missing a word, and is thus incomprehensible; (2) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (3) the definition of "Accused Products" includes products that are not relevant to this litigation; (4) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing

14

features of those products such that discovery can be properly tailored; (5) it seeks documents and information that are not relevant, unduly burdensome, and not proportional to the needs of the case regarding thousands of individuals "involved in any way in the marketing, sales, analysis or offering to third parties of the space or means by which advertising, promotions, or other information, materials, services, or activities can be made available to users and consumers in connection with" Google products over a period of 16 years with no limitation whatsoever; (6) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; and (7) it is vague and ambiguous with respect to the phrase "can be made available."

Subject to and without waiving the foregoing objections, Google responds as follows: Google has identified relevant individuals in its initial disclosures and will supplement that information as required under Rule 26(e).

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning Defendant's document or record retention policies, including, without limitation, documents relating to Defendant's policies for storing, retaining, destroying, and creating and maintaining backup copies of any marketing or financial data from 2003 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it is not proportional to the needs of the case and is unduly burdensome in that it asks Google to search for "[a]ll documents concerning" any of Google's document retention policies; (2) it is not proportional to the needs of the case to the extent it asks Google to search for "[a]ll documents" and is not limited to a reasonable

15

number of non-custodial locations; (3) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (4) it is vague and ambiguous with respect to the terms and phrases "document or record retention policies," "storing," "retaining," "destroying" and "creating and maintaining"; and (5) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: To the extent this request is narrowed and modified in accordance with the objections asserted above, Google will produce non-privileged sufficient to identify its document retention policies that are within its possession, custody, or control that it locates after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 13:**

All documents concerning Defendant's code retention policies, including, without limitation, documents relating to Defendant's policies for storing, retaining, destroying, and creating and maintaining backup copies of any source or executable code for any previous versions or iterations of the Accused Products from 2003 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) the definition of "Accused Products" includes products that are not relevant to this litigation; (2) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (3) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant

16

to any claim or defense in this litigation; (4) it is not proportional to the needs of the case and is unduly burdensome to the extent it asks Google to search for "[a]ll documents concerning" any of Google's code retention policies; (5) it is not proportional to the needs of the case to the extent it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (6) it is overbroad in that it is not reasonably limited to a time period relevant to this litigation; (7) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (8) it is vague and ambiguous with respect to the terms and phrases "code retention policies," "storing," "retaining," "destroying" and "creating and maintaining," "versions," and "iterations"; and (9) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: To the extent this request is narrowed and modified in accordance with the objections asserted above, Google will produce non-privileged sufficient to identify its code retention policies that are within its possession, custody, or control that it locates after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 14:**

All documents concerning Defendant's version control policies, including those relating to the Accused Products during the Enforcement Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Google incorporates each of its general objections by reference. Google further objects to this request on the grounds and to the extent that: (1) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (2) the definition of "Accused Products" includes products that are not relevant to this litigation; (3)

17

the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (4) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (5) it is not proportional to the needs of the case and is unduly burdensome to the extent it asks Google to search for "[a]ll documents concerning" any of Google's version control policies; (6) it is not proportional to the needs of the case to the extent it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (7) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (8) it is vague and ambiguous with respect to the phrase "version control policies," and (9) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 15:**

All insurance policies or other agreements concerning any arrangement under which any person may be liable to satisfy part or all of any judgment which may be entered in the Lawsuit or to indemnify or reimburse for payments made to satisfy any judgment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it is redundant and seeks information

provided in Google's initial disclosures; (2) it is vague and ambiguous as to the phrase "other agreements concerning any arrangement"; and (3) it seeks information that is not relevant to any claim or defense in this litigation to the extent it concerns anything beyond insurance policies.

Subject to and without waiving the foregoing objections, Google responds as follows: As stated in its initial disclosures, Google is not presently aware of any applicable insurance agreement.

**REQUEST FOR PRODUCTION NO. 16:**

All documents concerning Defendant's policies or practices relating to patent clearances, "right to use" opinions, or other mechanisms or procedures you employ to avoid infringement of others' patents, including but not limited to the Patents-in-Suit, during the Enforcement Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (2) it is not proportional to the needs of the case and is unduly burdensome in that it asks Google to search for "[a]ll documents" that might concern any of Google's patent policies or practices; (3) it is not limited to the Patents-in-Suit and therefore seeks information that is not relevant to any claim or defense in this litigation; (4) it is not proportional to the needs of the case in that it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (5) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (6) it is vague and ambiguous with respect to the phrase "other mechanisms or procedures"; and (7) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine,

19

and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 17:**

All documents comprising or concerning any patent clearance, freedom to operate, right to use, infringement, or validity analysis, evaluation, consideration, opinion, or study relating to the Accused Products on the one hand and the Patents-in-Suit on the other hand, including any analysis, evaluation, consideration, opinion, or other study concerning infringement of any Patent-in-Suit by the Accused Products or the validity of any claim of any Patent-in-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it is duplicative of Request No. 16; (2) the definition of "Accused Products" includes products that are not relevant to this litigation; (3) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (4) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (5) it is not proportional to the needs of the case in that it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (6) it is overbroad in that it is not reasonably limited to a time period relevant to this litigation; (7) it is vague and ambiguous with respect to the terms "analysis," "evaluation," "consideration," "opinion," and "study"; (8) it calls for, or may be construed as calling for, information protected from discovery by the

attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure; and (9) it is compound.

Subject to and without waiving the foregoing objections, Google responds as follows: As stated in its response to Interrogatory No. 9, Google first became aware of the Patents-in-Suit when Mindbase filed this Lawsuit.  Accordingly, Google will not produce documents responsive to this request because it is not aware of any such pre-litigation documents within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18:**

All documents concerning Defendant's policies, practices, procedures, or strategies for obtaining patents by filing patent applications or by patent acquisitions during the Enforcement Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (2) it is not proportional to the needs of the case and is unduly burdensome in that it asks Google to search for "[a]ll documents" regarding Google's patent policies or practices across numerous platforms and services; (3) it seeks information that is not relevant to any claim or defense in this litigation; (4) it is not proportional to the needs of the case to the extent it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (5) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (6) it is vague and ambiguous with respect to the terms "policies," "practices," "procedures," and "strategies"; (7) it seeks proprietary trade secret or other confidential or

competitively sensitive materials that are not relevant to this litigation; (8) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure; and (9) it is compound.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning Defendant's policies or strategies concerning granting or acquiring licenses to technology during the Enforcement Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (2) it is not proportional to the needs of the case and is unduly burdensome in that it asks Google to search for "[a]ll documents" that might concern any of Google's policies regarding all Google's technology license grants and acquisitions across numerous platforms and services; (3) it seeks information that is not relevant to any claim or defense in this litigation; (4) it is not proportional to the needs of the case to the extent it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (5) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (6) it is vague and ambiguous with respect to the terms "policies" and "strategies"; (7) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (8) it seeks confidential, proprietary, and/or trade secret information of third parties;

and (9) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 20:**

All documents concerning Defendant's policies or strategies concerning enforcement of Defendant's patents through litigation during the Enforcement Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (2) it is not proportional to the needs of the case and is unduly burdensome in that it asks Google to search for "[a]ll documents" regarding enforcement of all Google's patents across numerous platforms and services; (3) it seeks information that is not relevant to any claim or defense in this litigation; (4) it is not proportional to the needs of the case in that it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (5) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (6) it is vague and ambiguous with respect to the terms "policies" and "strategies"; (7) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; and (8) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 21:**

Copies of all expert reports, testimony (deposition and trial), and declarations or affidavits relating to damages filed by you or on your own behalf or filed on behalf of any party opposing you in any litigation to which you were or are a party and where the subject matter of the litigation was or is infringement of a patent from 2010 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Google incorporates each of its general objections by reference. Google further objects to this request on the grounds and to the extent that: (1) it purports to require Google to produce documents that are not within its possession, custody, or control; (2) it is not proportional to the needs of the case and is unduly burdensome in that it seeks filings from patent actions involving unrelated patents across multiple products and services; (3) it seeks information that is not relevant to any claim or defense in this litigation; (4) it is overbroad in that it is not reasonably limited to a time period relevant to this litigation; (5) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; and (6) it seeks public documents that are equally available to Mindbase as to Google and for which the burden and costs of searching for, and producing, such documents may be equivalent for either party.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:**

All settlement agreements that purport to settle litigation in which you were involved and that involved allegations of patent infringement from 2010 to present.

24

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it is not proportional to the needs of the case and is unduly burdensome in that it seeks filings from patent actions involving unrelated patents across multiple products and services; (2) it seeks information that is not relevant to any claim or defense in this litigation; (3) it is vague and ambiguous with respect to the terms "involve," and "involved"; (4) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure; (5) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; and (6) it seeks confidential information of third parties and/or information that is protected by the mediation and/or settlement privilege.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will not produce documents responsive to this request except to the extent Google intends to rely on any licenses for damages purposes, in which case Google will produce such licenses in accordance with the schedule ordered by the Court.

**REQUEST FOR PRODUCTION NO. 23:**

All documents concerning the conception, design, investigation, evaluation, development, testing and release of the Accused Products, or of any version of the Accused Products during the Enforcement Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Google incorporates each of its general objections by reference. Google further objects to this request on the grounds and to the extent that: (1) the definition of "Enforcement Period"

includes a period during which damages are unavailable or the Patents-in-Suit had expired; (2) the definition of "Accused Products" includes products that are not relevant to this litigation; (3) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (4) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (5) it is not proportional to the needs of the case in that it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (6) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (7) it is vague and ambiguous with respect to the terms "release" and "version"; (8) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; and (9) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and things identifying or concerning all materially different versions or iterations of the Accused Products during the Enforcement Period, or concerning any material modifications or updates to the Accused Products during the Enforcement Period, including, without limitation, the release date for each such version or material modification or update,

version control documentation, software change lists, change sets, change logs, or patches

identifying any set of changes made to the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Google incorporates each of its general objections by reference.  Google further objects

to this request on the grounds and to the extent that: (1) the definition of "Enforcement Period"

includes a period during which damages are unavailable or the Patents-in-Suit had expired; (2)

the definition of "Accused Products" includes products that are not relevant to this litigation; (3)

the definition of "Accused Products," even if limited to Google Search and Google Ads, is

overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it

contends are the infringing features of those products such that discovery can be properly

tailored; (4) it is not limited to an allegedly infringing feature of any accused technology and

therefore seeks information that is not relevant to any claim or defense in this litigation; (5) it is

not proportional to the needs of the case in that it asks Google to search for "[a]ll documents and

things" and is not limited to a reasonable number of non-custodial locations; (6) it is overbroad

in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (7)

it is vague and ambiguous with respect to the terms and phrases "versions or iterations," "release

date for each such version or material modification or update," "version control documentation,"

"software change lists," "change sets," "change logs," "patches," and "set of changes"; (8) it

seeks proprietary trade secret or other confidential or competitively sensitive materials that are

not relevant to this litigation; and (9) it is compound.

Subject to and without waiving the foregoing objections, Google responds as follows:

Google is willing to meet and confer regarding this request.

/ / /

**REQUEST FOR PRODUCTION NO. 25:**

All documents and things concerning any material changes made to the following functions and features of the Accused Products during the Enforcement Period: how inputs to search modules are categorized by relationships within the database.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Google incorporates each of its general objections by reference. Google further objects to this request on the grounds and to the extent that: (1) it is duplicative of Request No. 24; (2) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (3) the definition of "Accused Products" includes products that are not relevant to this litigation; (4) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (5) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (6) it is not proportional to the needs of the case in that it asks Google to search for "[a]ll documents and things" and is not limited to a reasonable number of non-custodial locations; (7) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (8) it is vague and ambiguous with respect to the phrases "inputs to search modules," and "relationships within the database"; (9) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; and (10) it is compound.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 26:**

All source code, specifications, schematics, flow charts, pseudocode, and other documentation sufficient to show the operation of the database systems employed by the Accused Products, including "bigtable," other proprietary data structures and methods, and any third-party data products and services used during the Enforcement Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Google incorporates each of its general objections by reference. Google further objects to this request on the grounds and to the extent that: (1) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (2) the definition of "Accused Products" includes products that are not relevant to this litigation; (3) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (4) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (5) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (6) it is vague and ambiguous with respect to the terms and phrases "operation of the database systems employed by," "bigtable," "data structures," "methods," "data products," and "services"; (7) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (8) it seeks, or may be construed as seeking, confidential information of third parties; (9) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.; and (10) it is compound.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 27:**

All source code for previous versions or iterations for the database systems employed by the Accused Products during the Enforcement Period wherein any of the following functions or features operate in a materially different manner than in the current iteration of the Accused Products: how inputs to search modules are categorized by relationships within the database system of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Google incorporates each of its general objections by reference. Google further objects to this request on the grounds and to the extent that: (1) it is duplicative of Request Nos. 24-26; (2) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (3) the definition of "Accused Products" includes products that are not relevant to this litigation; (4) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (5) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (6) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (7) it is vague and ambiguous with respect to the terms and phrases "previous versions or iterations," "database systems," "operate," "current iteration," "inputs to search modules," and "relationships within the database system";

/ / /

and (8) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request.

## REQUEST FOR PRODUCTION NO. 28:

Operational software, including executables, sufficient to duplicate the features and functionality of the database systems of the Accused Products during the Enforcement Period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Google incorporates each of its general objections by reference. Google further objects to this request on the grounds and to the extent that: (1) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (2) the definition of "Accused Products" includes products that are not relevant to this litigation; (3) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (4) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (5) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (6) it is vague and ambiguous with respect to the phrase "sufficient to duplicate the features and functionality," and "database systems"; and (7) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will not produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 29:

All documents and things concerning the attributes, characteristics, qualities, nature, features, functionality, purposes, uses or effects of the database systems of the Accused Products during the Enforcement Period, including, without limitation, any papers, announcements, blog entries, press releases, or presentations.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Google incorporates each of its general objections by reference. Google further objects to this request on the grounds and to the extent that: (1) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (2) the definition of "Accused Products" includes products that are not relevant to this litigation; (3) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (4) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (5) it is not proportional to the needs of the case in that it asks Google to search for "[a]ll documents and things" and is not limited to a reasonable number of non-custodial locations; (6) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (7) it is vague and ambiguous with respect to the terms and phrases "qualities," "nature," "purposes," "uses and effects," and "database systems"; (8) it seeks public documents that are equally available to Mindbase as to Google and for which the burden and costs of searching for, and producing, such public documents may be equivalent for either party; (9) to the extent such documents are not publicly available, it seeks proprietary trade secret or other confidential or

competitively sensitive materials that are not relevant to this litigation; and (10) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 30:**

All instructional materials pertaining to the database systems of the Accused Products during the Enforcement Period, including, but not limited to, manuals, tutorials, help files, FAQs, slides, and other presentations and videos, including materials available to Google employee software developers and third-party developers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Google incorporates each of its general objections by reference. Google further objects to this request on the grounds and to the extent that: (1) it is duplicative of Request No. 29; (2) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (3) the definition of "Accused Products" includes products that are not relevant to this litigation; (4) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (5) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (6) it is not proportional to the needs of the case in that it asks Google to search for "[a]ll instructional materials" and is not limited to a reasonable number of non-

custodial locations; (7) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (8) it is vague and ambiguous with respect to the phrases "database systems," "instructional materials pertaining to," and "materials available to"; (9) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (10) it seeks, or may be construed as seeking, confidential information of third parties; and (11) it seeks public documents that are equally available to Mindbase as to Google and for which the burden and costs of searching for, and producing, such public documents may be equivalent for either party.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request.

## REQUEST FOR PRODUCTION NO. 31:

All documents concerning any invention disclosures or other patents applied for, pending, issued, abandoned, obtained, assigned, used, reviewed, considered or referenced which relate to the database systems of the Accused Products during the Enforcement Period, or to which you have referred in any marketing, advertising, promotion, or use of the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Google incorporates each of its general objections by reference. Google further objects to this request on the grounds and to the extent that: (1) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (2) the definition of "Accused Products" includes products that are not relevant to this litigation; (3) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it

contends are the infringing features of those products such that discovery can be properly tailored; (4) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (5) it is not proportional to the needs of the case in that it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (6) it is vague and ambiguous with respect to the term "considered" and phrase "relate to the database systems"; (7) it seeks public documents that are equally available to Mindbase as to Google and for which the burden and costs of searching for, and producing, such public documents may be equivalent for either party; (8) to the extent such documents are not publicly available, it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (9) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure; and (10) it is compound.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 32:**

All documents reflecting any communication by you or on your behalf with the United States Patent and Trademark Office ("PTO") concerning the database systems of the Accused Products or the Patents-in-Suit during the Enforcement Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (2)

the definition of "Accused Products" includes products that are not relevant to this litigation; (3) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (4) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (5) it is not proportional to the needs of the case in that it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (6) it is vague and ambiguous as to the phrase "database systems"; (7) it seeks public documents that are equally available to Mindbase as to Google and for which the burden and costs of searching for, and producing, such public documents may be equivalent for either party; and (8) to the extent such documents are not publicly-available, it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 33:**

All documents concerning or relating to the Patents-in-Suit, including documents pertaining to your knowledge of the Patents-in-Suit and the date and circumstance pursuant to which you first learned of the Patents-in-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it is not proportional to the needs of the

case in that it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (2) it is overbroad in that it is not reasonably limited to a time period relevant to this litigation; and (3) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: To the extent this request is narrowed and modified in accordance with the above objections, Google will produce any non-privileged, pre-litigation documents sufficient to show when it first learned of the Patents-in-Suit that are within its possession, custody, or control that it locates after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 34:**

All documents concerning or relating to Plaintiff and any of Plaintiff's products or services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Google incorporates each of its general objections by reference. Google further objects to this request on the grounds and to the extent that: (1) it seeks information that is not relevant to any claim or defense in this litigation; (2) it is not proportional to the needs of the case in that it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (3) it is overbroad in that it is not reasonably limited to a time period relevant to this litigation; (4) it is vague and ambiguous with respect to the phrase "products or services"; and (5) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: To the extent this request is narrowed and modified in accordance with the above objections, Google will produce any non-privileged, pre-litigation documents concerning Mindbase and its products that are within its possession, custody, or control that it locates after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and things concerning internal and external efforts in marketing, advertising, promoting, positioning, describing, representing, or listing of the Accused Products or any features of the Accused Products, including, without limitation, samples of any advertisements, brochures, announcements, or press releases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) the definition of "Accused Products" includes products that are not relevant to this litigation; (2) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (3) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (4) it is not proportional to the needs of the case in that it asks Google to search for "[a]ll documents and things" and is not limited to a reasonable number of non-custodial locations; (5) it is overbroad in that it is not reasonably limited to a time period relevant to this litigation; (6) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (7) it is vague and ambiguous with respect to the terms and phrases "efforts," "promoting," "positioning," "describing," "representing,"

"listing," "samples," and "any features"; (8) it seeks public documents that are equally available to Mindbase as to Google and for which the burden and costs of searching for, and producing, such public documents may be equivalent for either party; and (9) to the extent such documents are not publicly available, it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request.

## REQUEST FOR PRODUCTION NO. 36:

All documents and things concerning selling or promoting: online advertising opportunities, promotions, or other information, materials, services or activities made available, or to be made available, to users, consumers or the public within or in connection with the Accused Products during the Enforcement Period, including, without limitation, all analytics, usage data, and other documents and things provided to current or prospective advertisers.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (2) the definition of "Accused Products" includes products that are not relevant to this litigation; (3) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (4) it is not limited to an allegedly infringing feature of any accused technology and

therefore seeks information that is not relevant to any claim or defense in this litigation; (5) it is not proportional to the needs of the case in that it asks Google to search for "[a]ll documents and things" and is not limited to a reasonable number of non-custodial locations; (6) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (7) it is vague and ambiguous with respect to the terms and phrases "other information, materials, services or activities made available, or to be made available," and "within or in connection with"; (8) it seeks public documents that are equally available to Mindbase as to Google and for which the burden and costs of searching for, and producing, such public documents may be equivalent for either party; (9) to the extent such documents are not publicly available, it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (10) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure; and (11) it is compound.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 37:**

All documents concerning any reports, articles, studies, market research, market surveys, market analyses, market share analyses, or forecasts of customer demand which relate to the Accused Products or other products that compete with or function similarly to any of the Accused Products during the Enforcement Period, or which relate generally to the social networking industry.

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (2) the definition of "Accused Products" includes products that are not relevant to this litigation; (3) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (4) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (5) it is not proportional to the needs of the case in that it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (6) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (7) it is vague and ambiguous with respect to the phrases "compete with," "function similarly," and "relate generally to the social networking industry"; (8) it seeks public documents that are equally available to Mindbase as to Google and for which the burden and costs of searching for, and producing, such public documents would be equivalent for either party; (9) to the extent it seeks non-public information, it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (10) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure; and (11) it is compound.

/ / /

Subject to and without waiving the foregoing objections, Google responds as follows:

Google is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 38:**

All documents concerning how revenue was or could have been generated by the Accused Products during the Enforcement Period, including, without limitation, all market analyses, market research, sales analyses, sales projections, market share analyses, market share projections, competitive analyses, or third party market analyses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it is duplicative of Request No. 37; (2) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (3) the definition of "Accused Products" includes products that are not relevant to this litigation; (4) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (5) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (6) it is not proportional to the needs of the case in that it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (7) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (8) it is vague and ambiguous with respect to the phrase "could have been generated"; (9) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (10) it calls for, or may be construed as

calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure; and (11) it is compound.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 39:**

All documents concerning demand for, or interest in, or the lack of demand for, or interest in, any particular features or functions of the Accused Products during the Enforcement Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it is duplicative of Request Nos. 37 & 38; (2) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (3) the definition of "Accused Products" includes products that are not relevant to this litigation; (4) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (5) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (6) it is not proportional to the needs of the case to the extent it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (7) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (8) it is vague and ambiguous with respect to the phrases

"demand for," "interest in," "lack of demand for, or interest in," "particular features or

functions"; (9) it seeks proprietary trade secret or other confidential or competitively sensitive

materials that are not relevant to this litigation; (10) it calls for, or may be construed as calling

for, information protected from discovery by the attorney-client privilege, the work product

doctrine, and any other applicable privilege or protection from disclosure; and (11) it is

compound.

Subject to and without waiving the foregoing objections, Google responds as follows:

Google is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 40:**

All documents concerning the popularity or lack of popularity of particular features or

functions of the Accused Products during the Enforcement Period, including, without limitation,

any usage data or analytics reflecting or analyzing the usage of particular features.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Google incorporates each of its general objections by reference.  Google further objects

to this request on the grounds and to the extent that: (1) it is duplicative of Request Nos. 37-39;

(2) the definition of "Enforcement Period" includes a period during which damages are

unavailable or the Patents-in-Suit had expired; (3) the definition of "Accused Products" includes

products that are not relevant to this litigation; (4) the definition of "Accused Products," even if

limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome

because Mindbase has failed to identify what it contends are the infringing features of those

products such that discovery can be properly tailored; (5) it is not limited to an allegedly

infringing feature of any accused technology and therefore seeks information that is not relevant

to any claim or defense in this litigation; (6) it is not proportional to the needs of the case to the

extent it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (7) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (8) it is vague and ambiguous with respect to the terms and phrases "popularity," "lack of popularity," and "particular features or functions"; (9) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (10) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure; and (11) it is compound.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request:

**REQUEST FOR PRODUCTION NO. 41:**

Documents reflecting the dollar amounts expended on a quarterly basis on Defendant's promotion (marketing, advertising or other) of the Accused Products during the Enforcement Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it is duplicative of Request Nos. 35 & 36; (2) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (3) the definition of "Accused Products" includes products that are not relevant to this litigation; (4) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (5) it is not limited to an allegedly

infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (6) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (7) it is vague and ambiguous with respect to the terms "promotion" and "other"; (8) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; and (9) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 42:**

All documents concerning brochures, banners, boards, posters, or other visual displays or visual aids used or made available by you at any trade conference, seminar, trade show or presentation to customers or potential customers and referencing or depicting the Accused Products during the Enforcement Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Google incorporates each of its general objections by reference. Google further objects to this request on the grounds and to the extent that: (1) it is duplicative of Request No. 35; (2) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (3) the definition of "Accused Products" includes products that are not relevant to this litigation; (4) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products

such that discovery can be properly tailored; (5) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (6) it is not proportional to the needs of the case in that it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (7) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (8) it is vague and ambiguous with respect to the phrase "presentation to customers or potential customers"; (9) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; and (10) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 43:**

All documents concerning any comparison of the database systems of the Accused Products to any other products during the Enforcement Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (2) the definition of "Accused Products" includes products that are not relevant to this litigation; (3) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it

contends are the infringing features of those products such that discovery can be properly

tailored; (4) it is not limited to an allegedly infringing feature of any accused technology and

therefore seeks information that is not relevant to any claim or defense in this litigation; (5) it is

not proportional to the needs of the case in that it asks Google to search for "[a]ll documents"

and is not limited to a reasonable number of non-custodial locations; (6) it is overbroad in that it

is not reasonably limited to the jurisdictional reach of the United States patent laws; (7) it is

vague and ambiguous with respect to the phrases "comparison of the database systems" and

"other products"; (8) it seeks proprietary trade secret or other confidential or competitively

sensitive materials that are not relevant to this litigation; and (9) it calls for, or may be construed

as calling for, information protected from discovery by the attorney-client privilege, the work

product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows:

Google is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 44:**

All documents concerning technical problems with the database systems of the Accused

Products prior to 2003.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Google incorporates each of its general objections by reference.  Google further objects

to this request on the grounds and to the extent that: (1) the definition of "Accused Products"

includes products that are not relevant to this litigation; (2) the definition of "Accused Products,"

even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly

burdensome because Mindbase has failed to identify what it contends are the infringing features

of those products such that discovery can be properly tailored; (3) it is not limited to an allegedly

infringing feature of any accused technology and therefore seeks information that is not relevant

to any claim or defense in this litigation; (4) it is not proportional to the needs of the case in that

it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-

custodial locations; (5) it is overbroad in that it is not reasonably limited to a time period relevant

to this litigation; (6) it is overbroad in that it is not reasonably limited to the jurisdictional reach

of the United States patent laws; (7) it is vague and ambiguous with respect to the phrases

"technical problems" and "database systems"; (8) it seeks proprietary trade secret or other

confidential or competitively sensitive materials that are not relevant to this litigation; and (9) it

calls for, or may be construed as calling for, information protected from discovery by the

attorney-client privilege, the work product doctrine, and any other applicable privilege or

protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows:

Google is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 45:**

All documents concerning Defendant's pricing policies and revenue strategies concerning

any revenue generated in connection with the Accused Products during the Enforcement Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Google incorporates each of its general objections by reference.  Google further objects

to this request on the grounds and to the extent that: (1) it is duplicative of Request No. 38; (2)

the definition of "Enforcement Period" includes a period during which damages are unavailable

or the Patents-in-Suit had expired; (3) the definition of "Accused Products" includes products

that are not relevant to this litigation; (4) the definition of "Accused Products," even if limited to

Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because

Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (5) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (6) it is not proportional to the needs of the case in that it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (7) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (8) it is vague and ambiguous with respect to the phrases "pricing policies," "revenue strategies," and "in connection with"; (9) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; and (10) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 46:**

Documents reflecting all methods by which any revenue was generated in connection with the Accused Products during the Enforcement Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it is duplicative of Request Nos. 38 & 45; (2) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (3) the definition of "Accused Products" includes products that are not relevant to this litigation; (4) the definition of "Accused Products," even if

limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (5) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (6) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (7) it is vague and ambiguous with respect to the terms and phrases "methods" and "in connection with"; (8) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; and (9) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 47:**

All documents concerning any proposals, presentations, communications, or agreements between you and any third party with respect to advertisements, promotions, or other information, materials, services, or activities made available, or to be made available, to users, consumers or the public in connection with the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it is duplicative of Request Nos. 35 & 36; (2) the definition of "Accused Products" includes products that are not relevant to this litigation; (3) the definition of "Accused Products," even if limited to Google Search and Google

51

Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (4) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (5) it is not proportional to the needs of the case in that it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (6) it is overbroad in that it is not reasonably limited to a time period relevant to this litigation; (7) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (8) it is vague and ambiguous with respect to the terms and phrases "proposals, presentations, communications, or agreements," "promotions," "other information, materials, services, or activities made available, or to be made available," and "in connection with"; (9) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (10) it seeks confidential information of third parties; and (11) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 48:**

Documents reflecting all actual, anticipated, estimated, budgeted, or projected sales, income, revenue, profits, expenses, and costs associated with the Accused Products or any related products and services during the Enforcement Period (including sales made, and revenues and profits generated with respect to advertisements, promotions, or other information, materials, services, or activities made available, or to be made available, to users, consumers or the public

within or in connection with the Accused Products), including, without limitation, names and addresses of each customer from whom income, revenue or compensation was received in connection with the Accused Products, the date each such item of income, revenue or compensation was generated, the gross dollar amount received or due in connection with each such transaction, the type and amount of each item of cost or expense relating to each such transaction, and the gross and net profit resulting from each such transaction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it is duplicative of Request Nos. 38, 45, & 46; (2) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (3) the definition of "Accused Products" includes products that are not relevant to this litigation; (4) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (5) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (6) it seeks information regarding Google customers that is not relevant to any claim or defense in this litigation; (7) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (8) it is vague and ambiguous with respect to the phrases "related products and services," "promotions, or other information, materials, services, or activities made available, or to be made available," to users, consumers or the public "within or in connection with," " received in connection with," and "was generated"; (9) it seeks proprietary trade secret or other confidential or competitively sensitive

materials that are not relevant to this litigation; (10) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure; and (11) it is compound.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request.

## REQUEST FOR PRODUCTION NO. 49:[1]

All license agreements, settlement agreements, or similar agreements between you and any third party relating in any manner to the database systems of the Accused Products during the Enforcement Period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it is duplicative of Request No. 22; (2) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (3) the definition of "Accused Products" includes products that are not relevant to this litigation; (4) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (5) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (6) it is overbroad in that it is not reasonably limited to the

---

[1] The Requests for Production contain two successive requests labeled "Request for Production No. 49."  The requests are nearly identical, and Google's response applies to both versions of Request No. 49.

jurisdictional reach of the United States patent laws; (7) it is vague and ambiguous with respect to the phrases "similar agreements" and "database systems"; (8) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (9) it seeks confidential, proprietary, and/or trade secret information of third parties, or third-party information that is protected by the mediation and/or settlement privilege; and (10) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will not produce documents responsive to this request except to the extent Google intends to rely on any licenses for damages purposes, in which case Google will produce such licenses in accordance with the schedule ordered by the Court.

**REQUEST FOR PRODUCTION NO. 50:**

All documents concerning or relating to any royalty paid by Defendant to any person or entity for any license or agreement relating to any software, to the databases of any of the Accused Products during the Enforcement Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (2) the definition of "Accused Products" includes products that are not relevant to this litigation; (3) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it

contends are the infringing features of those products such that discovery can be properly tailored; (4) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (5) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (6) it is not proportional to the needs of the case in that it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (7) it is vague and ambiguous with respect to the phrase "relating to any software, to the databases of any of the Accused Products"; (8) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (9) it seeks confidential, proprietary, and/or trade secret information of third parties; and (10) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 51:**

Financial documents concerning the Accused Products and any revenue sources associated with the Accused Products during the Enforcement Period, including, without limitation, annual reports, business plans and projections, consolidated financial statements, income statements, profit and loss statements, operating statements, and balance sheets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Google incorporates each of its general objections by reference. Google further objects to this request on the grounds and to the extent that: (1) it is duplicative of Request Nos. 38, 45, 46 & 48; (2) the definition of "Enforcement Period" includes a period during which damages are

unavailable or the Patents-in-Suit had expired; (3) the definition of "Accused Products" includes products that are not relevant to this litigation; (4) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (5) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (6) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (7) it is vague and ambiguous with respect to the phrase "associated with"; (8) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; and (9) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 52:**

All documents concerning the monetary value of the Accused Products to Defendant during the Enforcement Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it is duplicative of Request Nos. 48 & 51; (2) the definition of "Enforcement Period" includes a period during which damages are unavailable or the Patents-in-Suit had expired; (3) the definition of "Accused Products" includes

products that are not relevant to this litigation; (4) the definition of "Accused Products," even if limited to Google Search and Google Ads, is overbroad, ambiguous, and unduly burdensome because Mindbase has failed to identify what it contends are the infringing features of those products such that discovery can be properly tailored; (5) it is not limited to an allegedly infringing feature of any accused technology and therefore seeks information that is not relevant to any claim or defense in this litigation; (6) it is not proportional to the needs of the case in that it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (7) it is overbroad in that it is not reasonably limited to the jurisdictional reach of the United States patent laws; (8) it is vague and ambiguous with respect to the phrase "monetary value"; (9) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; and (10) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 53:**

All documents supporting or refuting your contention that you do not infringe, and have not infringed, directly or indirectly, any valid claim of the Patents-in-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it is not proportional to the needs of the case to the extent it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (2) it seeks the disclosure of expert analyses and opinions

prior to the date ordered by the Court; (3) it seeks the disclosure of Google's non-infringement contentions prior to the date ordered by the Court; and (4) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will not produce documents responsive to this request at this time, as it is premature because Google has not yet responded to the Amended Complaint or otherwise made any contentions regarding infringement of valid claims of the patents-in-suit.

**REQUEST FOR PRODUCTION NO. 54:**

All documents supporting or refuting the contention that one or more claims of the Patents-in-Suit are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. § 101 *et seq*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it is not proportional to the needs of the case to the extent it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (2) it seeks the disclosure of expert analyses and opinions prior to the date ordered by the Court; (3) it seeks the disclosure of Google's invalidity contentions prior to the date ordered by the Court; and (4) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged responsive documents at the appropriate time and in

accordance with any schedule for the exchange of invalidity contentions.

**REQUEST FOR PRODUCTION NO. 55:**

All documents supporting or refuting the contention that Plaintiff is barred or limited from recovery in whole or in part by the doctrine of prosecution history estoppel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Google incorporates each of its general objections by reference.  Google further objects to this request on the grounds and to the extent that: (1) it is not proportional to the needs of the case to the extent it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (2) it is premature at this stage seeks documents "supporting or refuting" a position that Google has not pleaded; and (3) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will not produce documents responsive to this request at this time, as it is premature because Google has not yet responded to the Amended Complaint or otherwise made any such contention.

**REQUEST FOR PRODUCTION NO. 56:**

All documents supporting or refuting the contention that Plaintiff is barred or limited from recovery under 35 U.S.C. § 287.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Google incorporates each of its general objections by reference. Google further objects to this request on the grounds and to the extent that: (1) it is not proportional to the needs of the case to the extent it asks Google to search for "[a]ll documents" and is not limited to a reasonable

number of non-custodial locations; (2) it is premature at this stage and seeks documents "supporting or refuting" a position that Google has not pleaded; and (3) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will not produce documents responsive to this request at this time, as it is premature because Google has not yet responded to the Amended Complaint or otherwise made any such contention.

**REQUEST FOR PRODUCTION NO. 57:**

All documents supporting or refuting the contention that Plaintiff's claims are barred in whole or in part by the doctrines of laches, estoppel, waiver, and/or acquiescence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Google incorporates each of its general objections by reference. Google further objects to this request on the grounds and to the extent that: (1) it is not proportional to the needs of the case to the extent it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (2) it is premature at this stage and seeks documents "supporting or refuting" affirmative defenses that Google has not pleaded; and (3) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will not produce documents responsive to this request at this time, as it is premature

/ / /

because Google has not yet responded to the Amended Complaint or otherwise made any such contention.

**REQUEST FOR PRODUCTION NO. 58:**

All documents on which you rely or intend to rely to assert or establish that infringement of the Patents-in-Suit was not willful or intentional.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Google incorporates each of its general objections by reference. Google further objects to this request on the grounds and to the extent that: (1) it is not proportional to the needs of the case to the extent it asks Google to search for "[a]ll documents" and is not limited to a reasonable number of non-custodial locations; (2) it seeks documents "supporting or refuting" a theory of liability that Mindbase has not pleaded; and (3) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will not produce documents responsive to this request at this time, as it is premature because Mindbase has not alleged willful infringement and Google has not yet responded to the Amended Complaint or otherwise made any such contention.

**REQUEST FOR PRODUCTION NO. 59:**

All documents and things concerning any alleged prior art to the Patents-in-Suit, or which you contend comprise prior art to the Patents-in-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Google incorporates each of its general objections by reference. Google further objects to this request on the grounds and to the extent that: (1) it is not proportional to the needs of the

case to the extent it asks Google to search for "[a]ll documents and things" and is not limited to a

reasonable number of non-custodial locations; (2) it seeks information and/or documents not

within Google's possession, custody, or control; (3) it seeks public documents that are equally

available to Mindbase as to Google and for which the burden and costs of searching for, and

producing, such public documents would be equivalent for either party; (4) it seeks the

disclosure of Google's invalidity contentions prior to the date ordered by the Court; and (5) it

calls for, or may be construed as calling for, information protected from discovery by the

attorney-client privilege, the work product doctrine, and any other applicable privilege or

protection from disclosure.

Subject to and without waiving the foregoing objections, Google responds as follows: To

the extent this request is narrowed and modified in accordance with the objections asserted

above, Google will produce non-privileged responsive documents at the appropriate time and in

accordance with any schedule for the exchange of prior art.

Dated this 12th day of March, 2021.

Respectfully submitted,

/s/ Michael S. Kwun

Edward M. Mullins (FBN 863920)
Email: emullins@reedsmith.com
Daniel A. Sox (FBN 108573)
Email: dsox@reedsmith.com
Marcelo Diaz-Cortes (FBN 118166)
Email: mdiaz-cortes@reedsmith.com

REED SMITH LLP
1001 Brickell Bay Drive
Suite 900
Miami, FL 33131
Telephone: +1 786 747 0200
Facsimile: +1 786 747 0299

*Counsel for Google LLC*

Michael S. Kwun (*Pro Hac Vice*)
Email: mkwun@kblfirm.com
Scott W. Taylor (*Pro Hac Vice*)
Email: staylor@kblfirm.com

KWUN BHANSALI LAZARUS LLP
555 Montgomery Street
Suite 750
San Francisco, CA 94111
Telephone: +1 415 630-2350
Facsimile: +1 415 367-1539

*Counsel for Google LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of March 2021, I electronically served by e-mail **GOOGLE LLC'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTIONS OF DOCUMENTS AND THINGS** to all counsel and parties of record per the attached Service List below.

*/s/ Nikki Hueston*
Nikki Hueston

## SERVICE LIST

Anne Reilly Flanigan (areilly@wsh-law.com)
Alen H. Hsu (ahsu@wsh-law.com)
Weiss Serota Helfman Cole & Bierman, P.L.
1200 N. Federal Highway, Suite 2100
Suite 312
Boca Raton, FL 33432

James Iaconis (james.iaconis@iaconislaw.com)
Iaconis Law Office
P.O. Box 450473
Miami, FL 33245

R. Terry Parker (rtp@rathlaw.com)
Rath, Young and Pignatelli, P.C.
120 Water Street, Second Fl.
Boston, MA 02109

*Attorneys for Plaintiff MindBaseHQ LLC*